ABRAHAM SOCKLOFF, Respondent, *v.* MAURICE J. BURSTEIN, Appellant.

First Department, April 5, 1917.

Landlord and tenant — when action by dispossessed tenant to recover money deposited as security premature — evidence.

Where by the terms of a lease the tenant deposited two months' rent as security for the faithful performance of all the covenants and conditions of the lease, which amount was to be returned at the expiration of the term upon his faithful performance of the conditions, and the landlord had the right upon dispossession to lease the premises as agent of the tenant for the unexpired term, the tenant agreeing to remain liable for any deficiency, such obligation survived the determination of the lessee's tenancy and was covered by the security deposited.

An action by the tenant, after his dispossession and before the expiration of the term of the lease, to recover the amount of the deposit due him, is premature.

In such an action it was erroneous to refuse to permit the landlord to prove the reasonable cost to him of making repairs which the tenant had covenanted to make during his occupancy but had not made.

APPEAL by the defendant, Maurice J. Burstein, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 6th day of November, 1915, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 28th day of October, 1915, denying defendant's motion for a new trial made upon the minutes.

*Jacob Manheim,* for the appellant.

*Joseph Goldfein,* for the respondent.

Scott, J.:

This is an action by a dispossessed tenant against his former landlord to recover the amount of a deposit made at the time of the execution of the lease. The clause respecting the deposit of the security reads, in part, as follows: "The parties of the second part have deposited with the party of the first part the sum of $4,642.66, the receipt whereof is hereby acknowledged, the said sum representing two months' rent, as security for the faithful performance of all the covenants and conditions of this lease on the part of the parties of the second part * * *. The party of the first part upon the faithful performance of all the terms, covenants and conditions hereof by the parties of the second part will return to the parties of the second part the said sum deposited as security upon the expiration of the term of this lease. Said security shall bear interest at the rate of three per cent. per annum, payable to the parties of the second part annually on the 1st day of November of each and every year."

The omitted portions of the above quoted clause refer to a reduction of the security in case of a sale or destruction of the property, and also provide that in case of default the amount deposited shall be retained by the landlord as liquidated damages and not as a penalty. These provisions are not involved in the present appeal. The lease also contained the following clauses: "That if the said premises or any part thereof shall become vacant during the said term, or if the tenancy of the parties of the second part shall at any time be terminated by their own act or by proceedings brought in any court for that purpose, the party of the first part, or his representatives may re-enter the same, either by force, dispossess proceedings or otherwise, without being liable to prosecution therefor, and relet the said premises as the agent of the said parties of the second part and receive the rent thereof, applying the same first to such expenses as he may be put to in re-entering, and any other damages the landlord may sustain, and then to the payment of the rent due by these presents; the balance, if any, to be paid over to the parties of the second part, who shall remain liable for any deficiency for the balance of the term of the lease, anything herein contained to the contrary notwithstanding.

"The parties of the second part covenant to make all inside and outside repairs to be made in and about the premises including roofs and sidewalks, and to keep the same in good condition during the continuance of this lease, and further agree that in the event of their failure to make such repairs, that the party of the first part shall have the right to make the same, and to add the cost thereof to the monthly rental due immediately thereafter."

The tenant went into possession under the lease, and occupied the property thereunder for a time. He finally defaulted in the payment of rent and was dispossessed, the landlord resuming possession.

By the judgment appealed from the tenant has been awarded all of the deposit, less the amount of rent which had accrued and remained unpaid when the landlord resumed possession.

The judgment is obviously wrong. By the terms of the lease the landlord had the right after dispossession to lease the premises as agent of the tenant for the unexpired term of the lease, the tenant agreeing to remain liable for any deficiency between the rent realized by such renting and the amount of rent reserved by the lease. This obligation survived the determination of the lessee's tenancy and was covered by the deposited security. What that deficiency will amount to cannot be ascertained until the end of the term for which the lease was made. The action was consequently prematurely brought. (*Halpern* v. *Manhattan Ave. Theatre Corporation*, 173 App. Div. 610; affd., 220 N. Y. 655.) It was also erroneous to refuse to permit the landlord to prove the reasonable cost to him of making the repairs which the tenant had covenanted to make during his occupancy, but had not made.

The judgment and order appealed from are reversed and the complaint dismissed, with costs to appellant in this court and in the court below.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.